O

# United States District Court
# Central District of California

| | |
|---|---|
| BARBARA CHRISTOPHER,<br><br>  Plaintiff,<br><br>  v.<br><br>THE NEIMAN MARCUS GROUP, LLC; and DOES 1-100, inclusive,<br><br>  Defendants. | Case № 2:16-cv-06309-ODW (KSx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND [17]** |

## I.   INTRODUCTION

Plaintiff Barbara Christopher brings this personal injury and products liability action against Defendant The Neiman Marcus Group, LLC.  Neiman Marcus timely removed the case to federal court based on diversity jurisdiction.  Plaintiff now moves for leave to amend her complaint to add two defendants to the action, one of whom would destroy complete diversity among the parties.  (ECF No. 17.)  For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.  (ECF No. 17.)[1]

///

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On July 9, 2016, Plaintiff, who is 82 years old, visited a Neiman Marcus department store in Beverly Hills, California, where she received a facial treatment while lying on a treatment table. (Compl. ¶¶ 1, 6, ECF No. 1-1.) When the employee administering the treatment briefly left Plaintiff unattended on the treatment table, the table collapsed, causing Plaintiff to fall on the floor. (*Id.* ¶ 6.) Plaintiff sustained fractures to her spinal cord and other areas, resulting in "significant paralysis." (*Id.*)

Ten days later, Plaintiff filed this action in state court, wherein she asserted claims for products liability, negligence, and premises liability against Neiman Marcus. (*Id.* ¶¶ 14–41.) At the time she filed the complaint, Plaintiff did not know the identity of the employee who administered the facial treatment, and thus named her as a fictitious defendant. (Compl. ¶¶ 3, 6, 9.) Plaintiff asserted negligence and premises liability claims against the then-unknown employee. (*Id.* ¶¶ 29–34.)

Because Plaintiff is a California citizen and Neiman Marcus is a citizen of Delaware and Texas, Neiman Marcus removed the action to federal court based on diversity jurisdiction. (ECF No. 1.) Approximately three weeks after the parties conducted their Rule 26(f) conference, Plaintiff served Neiman Marcus with special interrogatories aimed (at least in part) at discovering the identity of the facialist. (Contreras Decl. ¶¶ 4, 10, ECF No. 17-1; Horwitz Decl. ¶ 2, ECF No. 19-1.) In its discovery responses, Neiman Marcus identified the facialist as Jolene Kintz. (Contreras Decl. ¶ 5.) Neiman Marcus denied employing her on the date of the accident, stating that she was a "La Mer representative." (*Id.*) Plaintiff later discovered that La Mer is a product of Estee Launder Companies, Inc. (*Id.* ¶ 6.) Plaintiff also discovered that Kintz resides in Los Angeles. (*Id.*)

Approximately two weeks after receiving Neiman Marcus' discovery responses, Plaintiff moved for leave to file a First Amended Complaint to add both Kintz and Estee Lauder as defendants in this action. (ECF No. 17.) Neiman Marcus filed a timely opposition. (ECF No. 19.) That Motion is now before the Court for

2

consideration.

### III. LEGAL STANDARD

Amendments to pleadings are generally governed by Federal Rule of Civil Procedure 15. A party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days after a response to that pleading is filed. Fed. R. Civ. P. 15(a)(1). All other amendments require either "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, courts generally consider four factors: (1) the movant's bad faith in amending the pleading; (2) any undue delay on the part of the movant; (3) any prejudice to the party opposing amendment; and (4) the futility of amending the pleading. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). These factors must be analyzed with "extreme liberality" in favor of amendment. *Webb*, 655 F.2d at 979; *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").[2] The party opposing amendment bears the burden of showing that leave should not be granted. *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. CV1103397JGBRZX, 2013 WL 11237203, at *2 (C.D. Cal. May 6, 2013); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, No. CV 08-2068PSG(FFMX), 2009 WL 650730, at *1 (C.D. Cal. Mar. 12, 2009); *see DCD Programs*, 833 F.2d at 187.

If a plaintiff seeks to join additional defendants after removal whose joinder would destroy subject matter jurisdiction, the court has discretion to either "deny joinder[] or permit joinder and remand the action to the State court." 28 U.S.C.

---

[2] There appear to be conflicting cases in the Ninth Circuit as to whether leave should be granted more freely to add new claims than to add new parties. *Compare DCD Programs*, 833 F.2d at 186 ("[L]iberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."), *with Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("[S]eeking to add claims are to be granted more freely than amendments adding parties.").

§ 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) . . . clearly gives the district court the discretion to deny joinder."). But instead of analyzing the amendment under the liberal Rule 15 factors, most courts apply a more stringent six-factor test. *E.g.*, *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014); *Mayes v. Rapoport*, 198 F.3d 457, 462 & n.11 (4th Cir. 1999); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011), *aff'd*, 604 F. App'x 545 (9th Cir. 2015); *Greer v. Lockheed Martin*, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999). These factors are:

> (1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*McGrath*, 298 F.R.D. at 607 (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (internal quotation marks omitted)).

## IV.   DISCUSSION

Both parties agree that adding Kintz as a defendant will destroy diversity, and thus her addition should be analyzed under the *IBC Aviation* factors. (Mot. at 4, ECF No. 17; Opp'n at 2.) Plaintiff does not address the citizenship of Estee Lauder, but Neiman Marcus concedes that the addition of Estee Lauder would not destroy diversity because it is "a limited liability company with a principal place of business in New York, NY." (Opp'n at 9.) Thus, Estee Lauder's addition should be analyzed under the traditional Rule 15 factors.

///

A.  *IBC Aviation* Factors

    1.  **Whether Kintz is a Necessary Party**

Under Rule 19(a), a party is necessary to the litigation if (1) the court could not "accord complete relief among existing parties" without the additional party, or (2) if the additional party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a); *see also CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (necessary parties are those "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it"); *McGrath*, 298 F.R.D. at 608 ("A court may find that joinder is appropriate for the just adjudication of the controversy if there is a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action.").

Oddly, Plaintiff argues that this prong is satisfied because Kintz's joinder will make it easier for Plaintiff to obtain discovery from her as to liability and damages. (Mot. at 7–8.) This is obviously insufficient. An individual is not a proper party to an action—let alone a "necessary" party—just because he or she possesses discoverable information. Moreover, the fact that Plaintiff also seeks to add Estee Lauder only further detracts from Kintz's status as a "necessary" party. "Under the doctrine of *respondeat superior*, an employer is vicariously liable for his employee's torts committed within the scope of the employment." *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015). Here, Plaintiff has specifically alleged that Kintz was at all times acting within the scope of her employment with Estee Lauder, and thus Estee Lauder will likely be

responsible for Kintz's wrongdoing (if any).  (Proposed First Am. Compl. ¶ 6, ECF No. 17-1.)  The Court can therefore "accord complete relief among existing parties" without Kintz's joinder.  Fed. R. Civ. P. 19(a); *see Calderon*, 2015 WL 3889289, at *4; *McGrath*, 298 F.R.D. at 608; *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011), *aff'd on other grounds*, 604 F. App'x 545 (9th Cir. 2015).  Accordingly, this factor heavily favors denying joinder.

### 2. Statute of Limitations

As Plaintiff concedes, none of her claims against Kintz is barred by any statute of limitations.  (Mot. at 7.)  Thus, this factor favors denying joinder.

### 3. Delay

Plaintiff argues, and Neiman Marcus concedes, that she did not unduly delay in seeking to join Kintz.  (Mot. at 7; Opp'n at 6.)  The parties conducted their Rule 26(f) conference on October 3, 2016.  (Horowitz Decl. ¶ 2.)  Plaintiff served written discovery designed to elicit Kintz's identity three weeks later.  (Contreras Decl. ¶ 10.)  Because "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," Fed. R. Civ. P. 26(d)(1), Plaintiff did not unduly delay in serving her discovery.  Moreover, Plaintiff filed this Motion less than three weeks after Neiman Marcus responded to her discovery.  (ECF No. 17.)  Thus, this factor favors allowing joinder.

### 4. Motive

The Court is suspicious of Plaintiff's motive to add Kintz as a defendant in this action.  As previously noted, Plaintiff proposes to add both Kintz and her employer Estee Lauder to this action.  If Kintz was acting within the scope of her employment (as Plaintiff alleges in her proposed First Amended Complaint), then Estee Lauder is vicariously liable for Kintz's negligence, and thus Kintz's status as a named party in this case adds nothing.  Indeed, "'given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity.'"  *Calderon*, 2015 WL

3889289, at *4 (quoting *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 823–24 (E.D. Va. 2005)).

Plaintiff points out that she named the facialist as a fictitious defendant in her original complaint (i.e., before removal and before learning of her identity), thus suggesting she is not now naming Kintz solely to destroy diversity. (Mot. at 7–8; Compl. ¶¶ 6, 9, 13.) The Court does not buy Plaintiff's explanation. Even before Plaintiff discovered Kintz's identity and citizenship, it was surely obvious to Plaintiff that the facialist—being an employee who worked at a department store in Los Angeles—was going to be a California citizen. Plaintiff therefore knew from the inception of this case that naming the facialist would destroy complete diversity. Accordingly, the fact that Plaintiff intended to sue the facialist all along does not detract from the Court's conclusion that her addition to this case is, and always was, solely for the purpose of destroying complete diversity. This factor thus favors denying joinder.

### 5. Validity of Claims

Plaintiff proposes to assert negligence and premises liability claims against Kintz. (Proposed First Am. Compl. ¶¶ 32–44.) Plaintiff argues that her claims against Kintz are valid because Kintz "left the Plaintiff unattended while she was situated on the treatment table and failed to provide Plaintiff with assistance in getting off the treatment table." (Mot. at 8; *see also* Proposed First Am. Compl. ¶ 33.) In its opposition, Neiman Marcus points out that the evidence uncovered to date does not support liability against it, Kintz, or Estee Lauder. (Opp'n at 2–5, 8–9.) However, Neiman Marcus does not argue that the allegations against Kintz are insufficient.

Plaintiff's allegations appear to support a claim for negligence. "A claim for negligence requires alleging duty, breach of duty, causation, and damages." *Mayall v. USA Water Polo, Inc.*, 174 F. Supp. 3d 1220, 1226 (C.D. Cal. 2016) (citing *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003)). Plaintiff plausibly alleges that Kintz owed Plaintiff a duty to perform the facial treatment in a reasonably safe

manner, and that Kintz breached that duty by leaving Plaintiff unattended and not assisting her in getting off the table, which caused Plaintiff to fall. (Proposed First Am. Compl. ¶¶ 33–34.) Neiman Marcus points out that the incident allegedly occurred because the table collapsed, not because Kintz left Plaintiff unattended or failed to assist her in getting off the table. (*See* Opp'n at 2.) This inconsistency may prove problematic at trial; however, there is no rule against *pleading* alternative theories of liability, and it is still too early in the case to determine whether Plaintiff will be able to uncover evidence supporting a more coherent theory of negligence against Kintz.

Plaintiff does not address the validity of her claim against Kintz for premises liability, and the Court concludes that it does not appear to be valid. As the name implies, premises liability requires that the defendant "own, possess, or control" the property on which the injury occurred. *Hamilton v. Gage Bowl, Inc.*, 6 Cal. App. 4th 1706, 1711 (1992). As an employee of Estee Lauder, Kintz almost certainly did not own or possess the property. The Court is also deeply skeptical that she exercised sufficient "control" over the premises where the accident occurred for liability to attach. *See Contreras v. Anderson*, 59 Cal. App. 4th 188, 202 (1997) (premises liability under the "control" prong arises only where "the defendant took affirmative action to preclude or limit the . . . landowner's control of, or ability to control, its own property such that it is fair and reasonable to hold the defendant (whether solely or jointly with the [landowner]) responsible for injuries that may occur on the . . . property"). In sum, the Court finds that this factor only slightly favors granting joinder.

### 6. Prejudice to Plaintiff

Plaintiff makes three arguments as to why it will suffer prejudice if the Court does not permit Kintz's joinder, none of which the Court finds outcome-determinative. First, Plaintiff argues that she will be forced to litigate two cases in two different venues, which may result in inconsistent rulings. (Mot. at 8.) While this

is a legitimate concern, this alone does not require joinder. Indeed, this concern is *always* present in deciding whether or not to allow the addition of a diversity-destroying defendant, yet § 1447(e) nevertheless gives the Court discretion to deny joinder in these circumstances. Second, Plaintiff argues that she "will be forced to treat Ms. Kintz as a non-party which will limit what information Plaintiff can obtain from Defendant Neiman Marcus regarding Ms. Kintz." (*Id.*) This argument is absurd. Plaintiff can obtain whatever discovery she requires from Kintz through document and deposition subpoenas. Plaintiff also gives no explanation as to how Kintz's status as a non-party will restrict Plaintiff's ability to propound discovery on Neiman Marcus. Finally, Plaintiff argues that Neiman Marcus "will be able to point the finger at Ms. Kintz and Estee Lauder[] without those parties being present to refute Defendant's contentions," and vice-versa. (*Id.*) However, this will not prejudice *Plaintiff*. Plaintiff will be a party in both actions, and to the extent the pointing of fingers at absent parties threatens Plaintiff's interests, the Court has no doubt that Plaintiff's attorneys will take the steps necessary to safeguard their client's interests. Thus, the Court concludes that this factor does not favor granting joinder.

In sum, the Court concludes that the factors that favor granting joinder do not outweigh the factors that favor denying joinder. *See McGrath*, 298 F.R.D. at 608 (attempting to join an employee of the defendant reflects obvious improper motive to divest the court of jurisdiction, and outweighs the factors of delay and prejudice that favored joinder). Thus, the Court denies Plaintiff's motion as to Kintz.

**B.     Rule 15 Factors**

Neither party expressly addresses the propriety of amendment under the traditional Rule 15 factors with respect to Estee Lauder. However, Neiman Marcus argues that there is "no evidentiary showing . . . that Ms. Kintz was, in fact, an employee of Estee Lauder" on the date of the incident. (Opp'n at 9.) Neiman Marcus does not connect this argument to any of the Rule 15 factors, but presumably this would preclude amendment under the futility factor. However, the futility inquiry

9

focuses on the legal sufficiency of the allegations, not whether there is currently sufficient evidence to substantiate the allegations. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Neiman Marcus has therefore not met its burden of showing that leave to amend to add Estee Lauder as a defendant is inappropriate. *Kaneka Corp.*, 2013 WL 11237203, at *2; *ConocoPhillips Co.*, 2009 WL 650730, at *1; *DCD Programs*, 833 F.2d at 187.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion. (ECF No. 17.) The Court grants Plaintiff leave to add Estee Lauder as a defendant. The Court denies Plaintiff leave to add Jolene Kintz as a defendant. Plaintiff should file an amended complaint consistent with this order within **seven days**. Finally, the Court notes that both parties have included Kintz's full home address and telephone number in publicly-filed documents. The Local Rules prohibit the inclusion of such sensitive and private information in publicly-filed documents. C.D. Cal. L.R. 5.2-1. The parties should take care to ensure that such information is redacted from future filings.

**IT IS SO ORDERED.**

January 26, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**